UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANNY B. HOWELL and AMANDA VENTURA,

    Plaintiffs,

v.                                                   Case No:   6:15-cv-883-Orl-40TBS

PHH MORTGAGE CORPORATION, COLDWELL BANKER HOME LOANS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.,

    Defendants.

## ORDER

Upon due consideration, Defendants' Motion to Extend Track Two Case management Report Deadlines (Doc. 24) is **DENIED**. All parties that have appeared or been served shall fulfill the requirements of the Related Case Order and Track Two Notice (9). Failure to comply with Court Orders shall result in the imposition of sanctions against the offending party or parties.

Because Plaintiffs are proceeding without a lawyer, the Court will take the opportunity to inform them of some, but not all, of the procedural rules with which they must comply. The Court reminds Plaintiffs of these obligations because *pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)"). Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in most public law libraries and federal courthouses.

Plaintiff should not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, see FED. R. CIV. P. 7(a), or a motion, see FED. R. CIV. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. All documents filed with the Court must include a caption (the same as is set forth in this Order); a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. FED. R. CIV. P. 7(a), 10(a).

All pleadings, motions, or other papers filed with the Court must bear Plaintiffs' original signature, or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the

allegations or assertions made.   Plaintiffs are advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court must also include a signed Certificate of Service.   The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court.   At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

All requests for relief from or action by the Court must be in the form of a motion. See FED. R. CIV. P. 7(b).   If Plaintiffs seek any relief from, or action by the Court, or seek the entry of an order of any kind, they must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules.   All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested.   See Local Rule 3.01(a). However, the motion and memorandum cannot exceed twenty-five (25) pages in length. See id.

Prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel and unrepresented parties in a good faith attempt to resolve the issue.   Plaintiffs must include a certification in their motions that they have complied with this requirement.   They must also notify the Court whether the parties agree on the relief requested in the motion.   Local Rule 3.01 sets forth several other important

requirements and rules governing motions filed with the Court.   The failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiffs are cautioned that they must abide by and comply with all orders of this Court.   Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen (14) days after being served with that motion by another party.   Plaintiffs must timely respond to the motions filed by other parties in this case, for if they do not timely respond, the Court may assume that they do not oppose that motion and the relief requested therein.   If Plaintiffs have missed a filing deadline, they must file a motion seeking leave of Court to file the document out of time.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiffs' duties and obligations in litigating this case.   There are many other requirements with which they must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules.   They are warned that the failure to comply with these requirements and obligations can have significant consequences.   For example, failure to respond to discovery requests as described in the rules may result in sanctions. See FED.R.CIV.P. 37.

**DONE** and **ORDERED** in Orlando, Florida on July 6, 2015.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties