UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANNY B. HOWELL and AMANDA VENTURA,

    Plaintiffs,

v.                                      Case No: 6:15-cv-883-Orl-TBS

PHH MORTGAGE CORPORATION, COLDWELL BANKER HOME LOANS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.,

    Defendants.

## ORDER[1]

This matter is before the Court on Defendants' motions to dismiss (Docs. 16-20). Plaintiff Danny B. Howell opposes the motions (Doc. 39); Plaintiff Amanda Ventura has not filed a response. For the reasons that follow, Defendants' motions are due to be **GRANTED**.

## I. Background

This is a consolidated action arising out of five cases that were removed to this Court from the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida. The cases all involve the same Defendants, PHH Mortgage Corporation ("PHH"), Coldwell Banker Home Loans ("Coldwell"), Mortgage Electronic Registration Systems, Inc., ("MERS") and Federal National Mortgage Association, Inc., and Plaintiff,

---

[1] The parties consented to proceed in front of a Magistrate Judge and on September 25, 2015 the District Judge referred the case to the Magistrate for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and FED. R. CIV. P. 73 (Doc. 44).

Danny B. Howell.  Plaintiff Amanda Ventura is a party in case 6:15-cv-883.  Defendants removed the cases to this Court on June 1, 2015, on the basis of diversity jurisdiction, and they were consolidated on June 17, 2015 (Doc. 15).

The complaint[2] alleges that Plaintiffs own the real property located at 364 Northpointe Court, Building 12, Unit 101, Altamonte Springs, Florida, 32714 (the "Property").  (Doc. 2, ¶ 7).  On March 6, 2006, Howell executed and delivered a promissory note ("Note") and mortgage ("Mortgage") on the Property in favor of Coldwell (Id. at ¶¶ 8-9, Exhibit B).  Coldwell is listed as the "Lender" in the Mortgage and MERS is identified as the mortgagee (Id., Exhibit B at p. 1).  The Mortgage states that MERS "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."  (Id.).  Plaintiffs allege that sometime between March 6, 2006 and June 5, 2006, Coldwell sold the Note to multiple classes of the Fannie Mae REMIC Series 2006-111 Trust ("Trust") (Id. at ¶ 12).  They also allege that as of June 5, 2006, the Trust could not accept new assets "without severe tax consequences."  (Id. at ¶¶ 37-38).  On February 12, 2015, MERS, as nominee for Coldwell, executed an assignment of the Mortgage to PHH, which was recorded on March 2, 2015 in the public records of Seminole County, Florida (Id. at ¶ 22, Exhibit C).

Plaintiffs' complaint includes claims for breach of contract, slander of title, "void assignment of interest and corporate assignment of mortgage," fraud, and declaratory judgment (Id. at pp. 1, 7-8).  They contend that Howell should have been released from

---

[2] The complaints in cases 6:15-cv-884, 6:15-cv-885, 6:15-cv-886, and 6:15-cv-887 are nearly identical and contain the same claims for declaratory judgment and breach of contract.  The complaint in case 6:15-cv-883 contains nearly identical allegations and claims as in the other cases, but also includes additional allegations and claims and was brought by both of the Plaintiffs.  Because the complaint in case 6:15-cv-883 contains all of the relevant allegations from each case, the Court need not discuss or cite every complaint.  All references to the "complaint" are therefore to the complaint in case 6:15-cv-883.

- 2 -

the Mortgage when Coldwell transferred the Note in 2006 and that Coldwell breached the Mortgage when it "failed to release the Security Instrument upon payment by [the Trust]." (Id. at ¶¶ 13, 29-31).   According to Plaintiffs, once Coldwell transferred the Note in 2006, it "did not possess any right, title or interest in the Howell Mortgage" and therefore could not assign the Mortgage to PHH in 2015 (Id. at ¶ 24).   Plaintiffs maintain that Coldwell's transfer of the Mortgage after "it was contractually obligated to release the Mortgage upon payment for the Howell Note" and after the Trust stopped accepting new assets, renders the assignment void and constitutes slander of their title to the Property and fraud (See id. at ¶¶ 32-52).   Plaintiffs' "prayer for relief" asks the Court to:

> Declare that none of the named Defendants can make a lawful claim to the Howell Note;
>
> Declare that none of the named Defendants can make a lawful claim to the Howell Mortgage;
>
> Declare that Series FNMA-2006-111 Trust was not granted as a matter of law or equity any right, title or interest in the Howell Note[;]
>
> Declare that Series FNMA-2006-111 Trust was not granted as a matter of law or equity any right, title or interest in the Howell Mortgage;
>
> Declare that the Howell Note and the Howell Mortgage are irrevocably separated from one another;
>
> Declare that Plaintiffs, Danny B. Howell and Amanda Ventura are the owners of the Property;
>
> Declare that the Plaintiffs are entitled to punitive damages due to the knowing fraudulent acts of the Defendants; and
>
> For any other relief this Court may find Just and equitable.

(Id. at pp. 9-10) (emphasis omitted).

## II. Legal Standard

Defendants move to dismiss Plaintiffs' claims pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure, arguing the Plaintiffs lack Article III standing and failed to state a claim upon which relief can be granted.

> Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of "Cases" and "Controversies." U.S. Const Art. III § 2.   The "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Parker v. Scrap Metal Processors, Inc., 386 F.3d 993, 1003 (11th Cir. 2004) (citation omitted).   "[F]irst and foremost, there must be alleged ... an injury in fact–a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." Id.   "An interest unrelated to injury in fact is insufficient to give a plaintiff standing." Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 772, 120 S.Ct. 1858, 1862, 146 L.Ed.2d 836 (2000). Thus, a plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint

Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).   Where, as here, a party challenges standing through a facial attack, the "plaintiff has 'safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised.'"   Id. (quoting McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007)).   "The court is required 'merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'"   Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.   In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1359 (11th Cir. 2011).   The

Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 546 (2007). But, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 678).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, *pro se* litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the Court will not "'serve as *de facto* counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action.'" Copeland v. Hous. Auth. of Hollywood, 358 F. App'x 144, 144 (11th Cir. 2009) (quoting GJR Invs., Inc. v. City of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)). Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a).

### III. Discussion

The allegations in the complaint are not entirely clear. What is clear is that Plaintiffs' claims are based on the conclusion that the assignment of the Note and

Mortgage are void for one reason or another, including that the assignments failed to comply with the terms of the Trust and that MERS did not have authority to act for Coldwell (See Doc. 39, pp. 3, 7-8).   Plaintiffs do not have standing to raise a challenge to the validity of the assignments because Plaintiffs were not parties to those transfers. Altier v. Fed. Nat'l Mortg. Ass'n, No. 1:13-CV-164-MW/GRJ, 2013 WL 6388521, at *3 (N.D. Fla. Dec. 6, 2013) ("Plaintiffs do not have standing to raise a challenge to the validity of an assignment because Plaintiffs are not parties to the Assignment."); Coursen v. JP Morgan Chase & Co., No. 8:12-CV-690-T-26EAJ, 2013 WL 5437341, at *11 (M.D. Fla. Sept. 27, 2013) ("[U]nder Florida law [the plaintiff] as a non-party to the assignment lacks standing to contest it.") aff'd sub nom. Coursen v. Shapiro & Fishman, GP, 588 F. App'x 882 (11th Cir. 2014); Rhodes v. JPMorgan Chase Bank, N.A., No. 12-80368-CIV, 2012 WL 5411062, at *4 (S.D. Fla. Nov. 6, 2012) ("With respect to a challenge to either the validity of mortgage's assignment or transfer based on Defendant's failure to comply with Pooling and Service Agreement, Plaintiff has no standing to raise this argument.") (citing In re Canellas, No. 6:11-CV-1247-ORL-28, 2012 WL 868772, at *3 (M.D. Fla. Mar. 14, 2012)); Castillo v. Deutsche Bank Nat'l Trust Co., 89 So. 3d 1069 (Fla. Dist. Ct. App. 2012).   See also Rowe v. U.S. Bancorp, 569 F. App'x 701, 704 (11th Cir. 2014).

To the extent that Plaintiffs' claims are not premised on the invalidity of the assignments, they fail to state a claim upon which relief can be granted.   Plaintiffs allege that the Mortgage is void because Coldwell received full payment for the Note when the loan was sold to the Trust.   Other courts have found this argument to be frivolous. Altier, 2013 WL 6388521 at *6 (N.D. Fla. Dec. 6, 2013).   "The transfer of a mortgage on the secondary market does not discharge a mortgagor's obligation under a mortgage and note even if the original lender was paid."   Id. (citing Rhodes v. JPMorgan Chase Bank,

- 6 -

N.A., No. 12-80368-CIV, 2012 WL 2504043, at *3 (S.D. Fla. June 28, 2012); Horvath v. Bank of New York, N.A., No. 1:09-cv-01129, 2010 WL 538039, at *2 (E.D. Va. Jan. 29, 2010)).   This conclusion is consistent with the terms of the Mortgage, which expressly permits sale of the Note and Mortgage (See Doc. 2, Exhibit B at § 20).

Plaintiffs contend that the 2015 assignment and the Mortgage are void because MERS did not have authority to execute the assignment and it was fraudulent for MERS to have done so (Doc. 2, ¶ 23, 41-52; Doc. 39, ¶ 20).   These arguments are contrary to the terms of the Mortgage and the law.   The Mortgage provides that MERS "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."   (Doc. 2, Exhibit B at p. 1).   The Mortgage also expresses MERS' authority:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required by Lender including, but not limited to, releasing and canceling this Security Instrument.

(Doc. 2, Exhibit B at p. 3).   Federal and state courts in Florida have rejected challenges to MERS' authority to assign mortgages that contain language almost identical to the language in the Mortgage.   See Altier, 2013 WL 6388521 at *5 (collecting cases).

Plaintiffs contend that the Mortgage is void, and they are no longer obligated to pay, because the Note and Mortgage have been irrevocably separated (See Doc. 2, p. 10).   Assuming the Note and Mortgage were split, as Plaintiffs allege, "the separation of the Note and Mortgage does not make the Mortgage (or the Note) voidable."   Altier, 2013 WL 6388521 at *4-5 (collecting cases); Roder v. RH Funding Co., No. 6:12-CV-1076-

ORL-36, 2012 WL 6799690, at *3 (M.D. Fla. Dec. 10, 2012) report and recommendation approved, 2013 WL 75278 (M.D. Fla. Jan. 7, 2013).

Plaintiffs claim their title to the Property was slandered on the basis that the 2006 transfer of the Note voided the Mortgage and MERS did not have authority to assign the Mortgage. This claim fails for the reasons discussed *supra*. Howell concedes that the complaint fails to state a claim for slander of title and has clarified that he actually intended to assert a claim for quiet title (Doc. 26, Doc. 39, pp. 16-18). To bring a claim to quiet title under Florida law, a plaintiff must establish that he holds title to the property in question and that a cloud on title exists. Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953). Howell argues that he should be granted leave to amend the complaint to assert a claim for quiet title because he is *pro se* (Doc. 39, pp. 17-18).

"When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010). "Dismissal with prejudice is proper, however, if … a more carefully drafted complaint could not state a valid claim." Id. The deficiencies in Plaintiffs' complaint cannot be cured through amendment and a more carefully drafted complaint could not state a valid claim. This is so because Plaintiffs' claims, including his proposed claim to quiet title, are all premised on the same legally insufficient theories, i.e., that the transfer of the loan voided the Mortgage, MERS lacked authority to execute the assignment, and the assignment was made in violation of the terms of the Trust. For the reasons explained *supra*, Plaintiffs cannot state a claim, including a claim to quiet title, based on these theories. See e.g., Altier, 2013 WL 6388521; Roder, 2012 WL 6799690

at *3.   And, Plaintiffs do not have standing to challenge the validity of the assignment because they were not a party to the assignment.   Id.

For these reasons, Defendants' motions to dismiss (Docs. 16-20) are **GRANTED with prejudice**.   Defendants also orally moved to dismiss Plaintiffs' claims based on the statute of limitations (Doc. 36).   Because the Court did not reach the merits of Defendants' oral motion, it is **DENIED without prejudice**.   The Clerk is **DIRECTED** to **TERMINATE** any pending motions and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on October 1, 2015.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties