UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANNY B. HOWELL and AMANDA VENTURA,

    Plaintiffs,

v.                                      Case No: 6:15-cv-883-Orl-TBS

PHH MORTGAGE CORPORATION, COLDWELL BANKER HOME LOANS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.,

    Defendants.

## ORDER[1]

This is a consolidated action arising out of five cases that were removed to this Court from the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida. The cases all involve the same Defendants, PHH Mortgage Corporation ("PHH"), Coldwell Banker Home Loans ("Coldwell"), Mortgage Electronic Registration Systems, Inc., ("MERS") and Federal National Mortgage Association, Inc., and Plaintiff, Danny B. Howell. Plaintiff Amanda Ventura is a party in case 6:15-cv-883. Defendants removed the cases to this Court on June 1, 2015, on the basis of diversity jurisdiction, and they were consolidated on June 17, 2015 (Doc. 15).

The complaint[2] alleges that Plaintiffs own the real property located at 364 Northpointe Court, Building 12, Unit 101, Altamonte Springs, Florida, 32714 (the

---

[1] The parties consented to proceed in front of a Magistrate Judge and on September 25, 2015 the District Judge referred the case to the Magistrate Judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and FED. R. CIV. P. 73 (Doc. 44).
[2] The complaints in cases 6:15-cv-884, 6:15-cv-885, 6:15-cv-886, and 6:15-cv-887 are nearly identical and

"Property"). (Doc. 2, ¶ 7). On March 6, 2006, Howell executed and delivered a promissory note ("Note") and mortgage ("Mortgage") on the Property in favor of Coldwell (Id. at ¶¶ 8-9, Exhibit "B"). Coldwell is listed as the "Lender" in the Mortgage and MERS is identified as the mortgagee (Id., Exhibit "B" at p. 1). The Mortgage states that MERS "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." (Id.). Plaintiffs allege that sometime between March 6, 2006 and June 5, 2006, Coldwell sold the Note to multiple classes of the Fannie Mae REMIC Series 2006-111 Trust ("Trust") (Id. at ¶ 12). They also allege that as of June 5, 2006, the Trust could not accept new assets "without severe tax consequences." (Id. at ¶¶ 37-38). On February 12, 2015, MERS, as nominee for Coldwell, executed an assignment of the Mortgage to PHH, which was recorded on March 2, 2015 in the public records of Seminole County, Florida (Id. at ¶ 22, Exhibit "C").

Plaintiffs' complaint includes claims for breach of contract, slander of title, "void assignment of interest and corporate assignment of mortgage," fraud, and declaratory judgment. On motions (Docs. 16-20), Plaintiffs' claims were dismissed with prejudice on October 1, 2015 (Doc. 49). The Court reasoned that all of Plaintiffs' claims, including his newly proposed claim to quiet title, were premised on the same legally insufficient theories, i.e., that the transfer of the loan voided the Mortgage, MERS lacked authority to execute the assignment, and the assignment was made in violation of the terms of the Trust. The Court noted that Plaintiffs lacked standing to raise a challenge to the validity

---

contain the same claims for declaratory judgment and breach of contract. The complaint in case 6:15-cv-883 contains nearly identical allegations and claims as in the other cases, but also includes additional allegations and claims and was brought by both of the Plaintiffs. Because the complaint in case 6:15-cv-883 contains all of the relevant allegations from each case, the Court need not discuss or cite every complaint. All references to the "complaint" are therefore to the complaint in case 6:15-cv-883.

- 2 -

of the assignments and that other courts have found Plaintiffs' remaining arguments to be frivolous and without merit.  The action was dismissed with prejudice because these deficiencies could not be cured through amendment and a more carefully drafted complaint could not state a valid claim (Doc. 49).

The case is now before the Court for consideration of two motions filed by Plaintiff Howell.  First, he "seeks leave to drop AMANDA VENTURA as party Plaintiff in this action in order to legally assert the allegations which are set forth in the complaint." (Doc. 51).  Howell argues that Ventura should be dropped as a plaintiff because she transferred ownership of the Property to him (Id.).  Howell cannot unilaterally drop Ventura as a plaintiff, and she did not sign the motion.  Accordingly, Howell's motion to drop Ventura as a plaintiff is **DENIED**.

Howell also filed a motion titled Plaintiff's Motion for Rehearing on the Court's Order of Dismissal with Prejudice on October 2, 2015 and Reinstatement of this Action (Doc. 52).  Howell asks that "this action … be re-opened by the Clerk of the Court, thereby allowing this action to continue on the merits."  (Id. at p. 4).  He argues that his complaint asserts a valid claim, he made a good faith effort to meet Court deadlines, the Court did not hold a hearing on Defendants' motions to dismiss, and he should have been granted leave to file an amended complaint (Id. at pp. 3-4).  Howell argues that he is entitled to relief under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6).

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

To prevail on a motion under Rule 60(b), the movant must demonstrate a justification for relief so compelling that the district court would be required to grant the motion. See Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996). Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result. Id. (quoting United States v. Swift & Co., 286 U.S. 106, 119 (1932)). The Court may only consider relief under Rule 60(b)(6) if the case does not fall into any of the categories listed in Rule 60(b)(1)-(5). United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala., 920 F.2d 788, 791 (11th Cir. 1991) (citing Klapprott v. United States, 335 U.S. 601, 614-15 (1949)).

Howell seeks relief under Rule 60(b), but he has not presented any facts or legal argument as to why such relief is appropriate. He does not argue that any mistake, inadvertence, surprise, or excusable neglect exists and although he seeks relief under

Rule 60(b)(6), he has not shown why the enumerated grounds in Rule 60(b)(1)-(5) do not apply.   In any event, Howell has failed to demonstrate the exceptional circumstances required for relief under Rule 60(b)(6).

He argues that dismissal with prejudice is an extreme sanction, but his complaint was dismissed on motion, not as a sanction for misconduct.   He argues that it was improper to dismiss his complaint without a hearing, but the Rules do not require a hearing on motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).   Lastly, Howell argues that he should have been allowed to file an amended complaint because he is proceeding *pro se*.   It is true that "the district court should give [a] *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice" "[w]hen it appears that [the] *pro se* plaintiff's complaint, if more carefully drafted, might state a claim."   Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010).   As explained in the Order granting the motions to dismiss, "Plaintiffs' complaint cannot be cured through amendment and a more carefully drafted complaint could not state a valid claim" because Howell's claims are all premised on legally deficient theories (Doc. 49, p. 8).   Howell argues that he "did properly assert a valid claim in his Complaint," but he has not offered any legal support for his argument and he has not persuaded the Court that an amended complaint could in fact state a claim for relief.   Consequently, Howell has not demonstrated that he is entitled to relief under Rule 60(b), and his motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 5, 2015.

THOMAS B. SMITH
United States Magistrate Judge

- 6 -

Copies furnished to:

    Counsel of Record
    Unrepresented Parties